UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID BYRNE, *on his own behalf and* | ) | |
| *on behalf of all others similarly situated,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-337-JPG |
| | ) | |
| CCC INFORMATION SERVICES, INC., | ) | |
| *doing business as CCC Valuesource*, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case

management.

Federal courts are courts of limited jurisdiction.  They may exercise jurisdiction only

over matters authorized by the Constitution and by statute.  *Turner/Ozanne v. Hyman/Power*,

111 F.3d 1312, 1316 (7th Cir.1997).  Moreover, federal courts must police the boundaries of

their own jurisdiction.  Even absent an objection by a party challenging jurisdiction, they are

"obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal

jurisdiction."  *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt.*

*Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).  As such, this Court conducts a

rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

Here, in his Amended Complaint (Doc. 3), Plaintiff David Byrne has invoked but not

properly pled diversity of citizenship as a basis for federal jurisdiction.  Indeed, federal courts

have jurisdiction over a civil action between citizens of different states.  *See* 28 U.S.C. § 1332

(2006).  But, the Seventh Circuit Court of Appeals has repeatedly stated that "allegations of

*residence* are insufficient to establish diversity jurisdiction."  *Held v. Held*, 137 F.3d 998, 1000

(7th Cir. 1998) (emphasis added).  Consequently, a complaint asserting diversity jurisdiction must allege citizenship, not residence.  *See, e.g., McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994).  "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'"  *Held*, 137 F.3d at 1000 (quoting *Guar. Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)).  Despite this, Byrne's complaint alleges his state of residence.

Furthermore, "[f]or the purposes of [28 U.S.C. § 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business[.]" *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis added).  In the operative complaint, Byrne merely alleges the state of incorporation of Defendant CCC Information Services, Inc.

Accordingly, the Court **ORDERS** Byrne to correct these and *any other* jurisdictional defects **by May 28, 2010.**  *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme.").  Should he fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: May 14, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**